# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed:  October 5, 2020

```
* * * * * * * * * * * * * * * * * * * *
MARY M. SCHOELLER,              *                    Unpublished
                                *
                                *                    17-111V
                  Petitioner,   *
v.                              *                    Special Master Gowen
                                *
SECRETARY OF HEALTH             *                    Interim Attorneys' Fees and Costs
AND HUMAN SERVICES,             *
                                *
                  Respondent.   *
* * * * * * * * * * * * * * * * * * * *
```

*Jerold L. Leichsenring,* Krueger & Hernandez S.C., Middleton, WI, for petitioner
*Camille M. Collett,* U.S. Department of Justice, Washington, D.C., for respondent

### DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

On September 15, 2020, Mary M. Schoeller ("petitioner") filed a motion for interim attorneys' fees and costs, which is hereby **GRANTED.**  Petitioner is awarded **$38,123.16** in interim attorneys' fees and costs.

## I.      Procedural History

On January 25, 2017, petitioner filed a timely petition in the National Vaccine Injury Compensation Program.[2]  Petition (ECF No. 1).  Petitioner alleges that she suffered a SIRVA injury of her left shoulder after she received an MMR vaccination on February 11, 2014.  *Id.* at Preamble.  Petitioner filed medical records from a statement of completion on January 30, 2017.  ECF Nos. 6-7.

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), **because this opinion contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.**  The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7.  Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade  secret or commercial or financial in substance and is privileged or confidential; or (2) that includes  medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of  privacy."  Vaccine Rule 18(b).  An objecting party must provide the court with a proposed redacted version of the opinion.  *Id.*  **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.**  *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On June 22, 2017, respondent filed a status report indicating that he intended to defend against this petition. Respondent ("Resp.") Status Report (ECF No. 12). On July 6, 2017, petitioner filed a motion to substitute attorney, adding Mr. Andrew Mark Krueger as the counsel of record. Petitioner's ("Pet.") Motion to Substitute Attorney (ECF No. 14). Petitioner's motion was granted on the same day. Order (ECF No. 15).

On August 1, 2017, respondent filed the Rule 4(c) report, stating that the Division of Injury Compensation Program ("DICP") at the Department of Health and Human Services concluded that compensation is not appropriate. Resp. Rept. at 1 (ECF No. 17). Respondent stated that petitioner received a subcutaneous injection of MMR vaccine on February 11, 2014, which does not satisfy the Table criteria for a SIRVA injury. *Id.* at 7. Additionally, respondent stated that petitioner did not complain of shoulder pain until two months after receiving the vaccination. *Id.* Respondent also stated that petitioner had yet to file an expert opinion setting forth a reliable medical theory or logical sequence of cause and effect to demonstrate how a subcutaneously-administered MMR vaccine caused her to develop a left shoulder injury. *Id.* at 8-9.

This case was reassigned to my docket on August 4, 2017. ECF No. 18. I ordered the parties to file expert reports. *See* Scheduling Order (ECF No. 20). Petitioner filed an expert report from Dr. Sohail Ahmed on November 14, 2017, as well as, Dr. Ahmed's curriculum vitae ("CV") and medical literature. Pet. Exs. 8-10. Respondent filed an expert report from Dr. Neil Romberg, accompanying CV and medical literature. Resp. Ex. A, Tab 1-6 (ECF Nos. 25).

I held another status conference on February 22, 2018 and ordered petitioner to file a supplemental expert report and additional supporting affidavits. Scheduling Order (ECF No. 26). Petitioner filed a supplemental affidavit on April 24, 2018 and a supplemental expert report from Dr. Sohail Ahmed on April 26, 2018. ECF Nos. 27-28. Respondent filed a supplemental expert report by Dr. Romberg on May 29, 2018. Resp. Ex. C.

After a third status conference, petitioner filed supplemental affidavits and an expert report from Dr. Sohail Ahmed on September 11, 2018. Pet. Exs. 15-17. Petitioner also filed an affidavit from Ms. Carmen Woods on October 29, 2018. Pet. Ex. 18.

On January 2, 2019, petitioner filed a consented motion to substitute attorney Stephanie A. Schmitt in place of Mr. Andrew Krueger. Pet. Mot. to Substitute Attorney (ECF No. 41). Petitioner's motion to substitute attorney was granted and Ms. Stephanie Schmitt was entered as counsel of record for petitioner. On April 16, 2019, petitioner filed another motion to substitute counsel, making Mr. Jerold L. Leichsenring in place of Ms. Stephanie A. Schmitt. Pet. Mot. to Substitute Counsel (ECF No. 46).

On April 24, 2019, I held a status conference discussing the evidence filed to-date in the case. *See* Scheduling Order (ECF No. 47). I instructed respondent's counsel to determine how the respondent wanted to proceed in this case. *Id.* The parties engaged in unsuccessful settlement discussions until October 18, 2019. Respondent filed a status report stating that "respondent has re-evaluated his position in this case and has determined that he is no longer interested in pursuing settlement. Accordingly, respondent will continue to defend this case."

2

Resp. Status Report (ECF No. 52).  On February 25, 2020, I issued a hearing order, setting an entitlement hearing for July 20, 2021.  Hearing Order (ECF No. 55).

On September 15, 2020, petitioner filed a first motion for interim attorneys' fees and costs.  Interim Fee Application ("Int. Fee App.) (ECF No. 56).  Petitioner is requesting $20,551.95 in attorneys' fees; $17,171.21 in attorneys' costs; and $400.00 in petitioner's costs.  Int. Fee App. at 5.

On September 16, 2020, respondent filed a response.  Resp. Response (ECF No. 57).  Respondent "defers to the special master to determine whether or not petitioner has met the legal standard for an interim fees and costs as set forth in *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343 (Fed. Cir. 2008)."  *Id.* at 2.  "With that exception, respondent is satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.*  Respondent did not raise any specific objections to whether an interim award is available or the amounts requested in the interim fee application.  On September 16, 2020, petitioner filed a reply to respondent's response requesting that the fees and costs be awarded in full.  Pet. Reply (ECF No. 58).  This matter is ripe for adjudication.

## II.      Entitlement to Attorneys' Fees and Costs

### A.  Legal Standard

The Vaccine Act provides that reasonable attorney's fees and costs "shall be awarded" for a petition that results in compensation.  §15(e)(1)(A)-(B).  Even when compensation is not awarded, reasonable attorneys' fees and costs "may" be awarded "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for which the claim was brought."  § 15(e)(1).  The Federal Circuit has reasoned that in formulating this standard, Congress intended "to ensure that vaccine injury claimants have readily available a competent bar to prosecute their claims."  *Cloer v. Sec'y of Health & Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012).  In light of the lack of specific objections from respondent and my full review of the evidence, I find that this claim was filed with and has maintained good faith and reasonable basis to date.

### B.  Interim Awards

The Vaccine Act permits interim attorneys' fees and costs.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008); *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372 (Fed. Cir. 2010).  In *Shaw,* the Federal Circuit held that it was proper to grant an interim award when "the claimant establishes that the cost of litigation has imposed an undue hardship."  609 F.3d at 1375.  In *Avera,* the Federal Circuit stated that "[i]nterim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained."  515 F.3d at 1352.  I do not routinely grant interim fee applications.  I generally defer ruling on an interim fee application if: the case has been pending for less than 1.5 years (measured from the date of filing); the amount of fees requested is less than $30,000; and/ or the aggregate amount of expert costs is less than $15,000.  I generally defer any award of interim attorneys' fees and costs until all of these thresholds are met or until an entitlement hearing has

occurred.  These are, however, only informal requirements, and there are ultimately many factors bearing on the merit of an interim fee application.  I evaluate each one on its own merits.

The present case was filed more than three years ago.  Petitioner now requests more than $30,000 in attorneys' fees and more than $15,000 in attorneys' costs, which are generally reasonable based on my knowledge of this case.  Petitioner has filed multiple expert reports and additional documentation supporting her petition and an entitlement hearing is not set until July 2021.  Additionally, petitioner stated that her original attorney of record passed away and her current counsel of record is taking a position at another law firm and will be unable to continue to represent Petitioner in this case.  Int. Fees App. at 4.

### III.   Reasonable Attorneys' Fees and Costs

#### A.  Legal Standard

As stated above, the Vaccine Act only authorizes "reasonable" attorneys' fees and costs. The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  *Avera*, 515 F.3d at 1349.  Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  *Id.* at 1347-58 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings.  *Id.* at 1348.  Although not explicitly stated in the statute, the requirement that only reasonable amounts be awarded applies to costs as well as to fees.  *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).

Special masters have "wide discretion in determining the reasonableness of both attorneys' fees and costs."  *Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). They may look to their experience and judgment to reduce the number of hours billed to a level they find reasonable for the work performed.  *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993).  A line-by-line evaluation of the billing records is not required. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (1991), *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993 (per curiam).

The petitioner "bea[rs] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable.  *Wasson*, 24 Cl. Ct. at 484.  Adequate proof of the claimed fees and costs should be presented when the motion is filed.  *Id.* at 484, n. 1.  Counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission."  *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

#### B.  Hourly Rates

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."  *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11).  In general, this rate is based on "the forum rate for

the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorney's fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id.* This is known as the *Davis County* exception. *See Hall v. Sec'y of Health & Human Servs.,* 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, the interim fee decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon an individual's experience. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates. The Attorneys Forum Hourly Rate Fee Schedules for 2015 – 2020 are made available on the Court's website.[3]

Petitioner requests that Mr. Mark Krueger be reimbursed at an hourly rate of $350.00 per hour for work performed in 2015, $363.00 per hour in 2016, and $376.00 per hour in 2017. I have previously awarded these rates for Mr. Krueger and it has been accepted by other special masters. *See Herrera v. Sec'y of Health & Human Servs.,* No. 15-651V, 2017 WL 1459002; *Rivera v. Sec'y of Health & Human Servs.,* 2017 WL 2460690 at * 4 (Fed. Cl. Spec. Mstr. Apr. 20, 2017). I see no cause for adjustment from his typical rates. Accordingly, I will award Mr. Mark Krueger his requested hourly rates for work performed from 2015 to 2017 on this case.

Petitioner requests that Mr. Andrew Krueger, Ms. Stephanie Thompson and Mr. Jerold Leichsenring be compensated at $200.00 per hour for work performed from 2015 until present. Petitioner also requests reimbursement for work performed by Ms. Renee Nehring, a paralegal at the Krueger Hernandez & Thompson law firm at $135.00 per hour for work performed in 2015 and $140 per hour for work performed in 2016-2017. Int. Fees App., Tab 1 at 2. These rates are consistent with prior hourly rates and I do not see cause for adjustment in this case.

### C.  Hours Expended

As previously noted, a line-by-line evaluation of the fee application is not required and will not be performed. *Wasson*, 24 Cl. Ct. at 484. Rather, I may rely on my experience to evaluate the reasonableness of hours expended. *Id.* Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests …. [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

Here, petitioner's counsel and paralegals have billed a total of 100.60 hours of work performed since accepting this case in September 2015. This includes time spent obtaining medical records, filing the case, working with the expert for multiple reports, participating in

---

[3] United States Court of Federal Claims – OSM Attorneys' Forum Hourly Rate Fee Schedules, available at http://www.cofc.uscourts.gov/node/2914 (last accessed on October 5, 2020).

several status conferences, engaging in settlement discussions with the respondent's counsel and preparing this interim fees application. Int. Fees App., Tab 1.  The detailed billing records reflect that the attorney of record delegated appropriate tasks to paralegals and limited consultation with other attorneys at the firm.  I find that that hours expended are adequately documented and reasonable.  Accordingly, they will be compensated without adjustment.

### D.  Costs

Like attorneys' fees, costs incurred - by counsel or petitioners themselves - must be reasonable to be reimbursed by the Program.  *Perreira*, 27 Fed. Cl. 29, 34.  Here, petitioner requests $17,171.21 in attorneys' costs and $400.00 in client costs.  Int. Fees App. at 5.  The attorneys' costs are associated with obtaining medical records, postage, and retaining expert Dr. Sohail Ahmed.  Int. Fees App., Tab 2 at 15.  These are typical and reasonable costs within the Vaccine Program.  The bulk of attorneys' costs come from Dr. Sohail Ahmed bill for 33.32 hours at $500.00 per hour for a total of $16,660.00.  Int. Fees App, Tab 2 at 23.  Dr. Ahmed has drafted three reports in this case thus far and his invoices are adequately detailed and reasonable based on my review of his reports.  These costs will be awarded without adjustment.

### IV.    Conclusion

In accordance with the foregoing, petitioner's motion for interim attorneys' fees and costs is **GRANTED.**  Interim attorneys' fees and costs are awarded as follows:

| | |
|---|---|
| Attorneys' Fees Requested (No Reduction) | $ 20,551.95 |
| **Attorneys' Fees Awarded** | **$ 20,551.95** |
| | |
| Attorneys' Costs Requested (No Reduction) | $17,171.21 |
| **Attorneys' Fees Awarded** | **$ 17,171.21** |
| | |
| **Attorneys' Fees and Costs Awarded** | **$ 37,723.16** |
| **Petitioner's Costs** | **$ 400.00** |
| **TOTAL** | **$ 38,123.16** |

Accordingly, the following is awarded:

1) **A lump sum in the amount of $37,723.16 to be paid to Stephanie A. Thompson, Krueger Hernandez & Thompson, SC and $400.00 to be paid to petitioner, Mary Schoeller.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment forthwith.[4]

---

[4] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review.  Vaccine Rule 11(a).

**IT IS SO ORDERED.**

<u>**s/Thomas L. Gowen**</u>
Thomas L. Gowen
Special Master