# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: June 28, 2022

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * | | |
| MARY M. SCHOELLER, * | | Unpublished |
| * | | |
| Petitioner, * | | |
| * | | No. 17-111V |
| v. * | | |
| * | | Special Master Gowen |
| * | | |
| SECRETARY OF HEALTH * | | Ruling on Entitlement; Measles, Mumps, |
| AND HUMAN SERVICES, * | | Rubella ("MMR"); Shoulder Injury. |
| * | | |
| Respondent. * | | |
| * * * * * * * * * * * * * * * * * * * * | | |

*John F. McHugh,* Law Office of John McHugh, New York, NY, for petitioner.
*Tyler King,* U.S. Dept. of Justice, Washington, D.C., for respondent.

### RULING ON ENTITLEMENT[1]

On January 25, 2017, Mary M. Schoeller ("petitioner") filed a petition for compensation in the National Vaccine Injury Compensation Program.[2] Petition (ECF No. 1). Petitioner alleges that as a result of receiving a measles-mumps-rubella ("MMR") vaccine administered in her left arm on February 11, 2014, she developed pain and reduced range of motion which lasted for more than six months. Amended Petition (ECF No. 68).

On July 20, 2021, a fact hearing was held via videoconference to determine whether the MMR vaccine was properly administered and the onset of petitioner's pain. Hearing Order, Non-PDF, issued on July 14, 2021. On April 25, 2022, the undersigned issued a Finding of Fact. Finding of Fact (ECF No. 86). For the reasons, consistent with the Finding of Fact and

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. §3501 note (2012), **because this ruling contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the ruling is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the ruling will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to 34 (2012) (hereinafter "Vaccine Act" or "the Act"). Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

respondent's amended Rule 4(c) Report, the undersigned finds that the petitioner is entitled to compensation.

**II. Procedural History**

Petitioner filed her petition for compensation on January 25, 2017, alleging she had suffered a left shoulder injury after receiving the MMR vaccine on February 11, 2014. On August 1, 2017, respondent filed his Rule 4(c) report, stating that the Division of Injury Compensation Programs, Department of Health and Human Services ("DICP") recommended against compensation. Respondent ("Resp.") Report ("Rept.") (ECF No. 17). In the report, respondent stated that, "Petitioner's February 11, 2014, MMR vaccination was administered subcutaneously; thus, she does not satisfy the Table criteria for a SIRVA injury." Resp. Rept. at 7. Respondent also stated that, "Petitioner further does not satisfy the Table criteria because the medical records do not document onset of shoulder pain within forty-eight hours of vaccine administration." *Id.*

A fact hearing was held on July 20, 2021, after which the undersigned made a factual finding regarding the administration of the MMR vaccine and the onset of petitioner's shoulder pain and dysfunction. Finding of Fact. The earlier procedural history of this case is set forth in the Finding of Fact and will not be repeated here but is incorporated herein. After the Finding of Fact was issued, respondent filed a status report requesting to file an amended Rule 4(c) report. Status Rept. (ECF No. 88).

On June 22, 2022, respondent filed an Amended Rule 4(c) report, stating, "Based on the Special Master's fact ruling and medical record evidence submitted in this case, DICP will not continue to contest that petitioner suffered SIRVA as defined by the Vaccine Injury Table." Resp. Amd. Rept. at 3. Further, respondent stated, "While preserving his right to appeal the Special Master's April Findings of Fact and Conclusions of Law, respondent submits that petitioner has otherwise satisfied the criteria set forth in the Vaccine Injury Table and the Qualification and Aids to Interpretation ("QAI") for SIRVA." *Id.* Respondent requested that the Special Master decide the issue of entitlement in the above-captioned case based on the record as it stands now. *Id.*

**II. Legal Standard**

The Vaccine Act provides two avenues for petitioners to receive compensation. A petitioner may demonstrate either that she suffered a "Table" injury,[3] or that she suffered a different injury which was caused-in-fact by a vaccine listed on the Vaccine Injury Table. This case involves an MMR vaccine and SIRVA, which is a Table Injury, as listed on the Vaccine Injury Table. *See* 42 C.F.R. § 100.3(a)(III). Given that respondent determined that petitioner met the Table SIRVA criterion in the amended Rule 4(c) report, the applicable legal standard is outlined by the Vaccine Injury Table and the Vaccine Table's Qualification and Aids to Interpretation ("QAI"), which provides:

---

[3] A "Table" injury is an injury listed on the Vaccine Injury Table, 42 U.S.C. § 100.3, corresponding to the vaccine received within the time-frame specified.

2

*Shoulder injury related to vaccine administration (SIRVA).* SIRVA manifests as shoulder pain and limited range of motion occurring after the administration of a vaccine intended for intramuscular administration in the upper arm. These symptoms are thought to occur as a result of unintended injection of vaccine antigen or trauma from the needle into and around the underlying bursa of the shoulder resulting in an inflammatory reaction. SIRVA is caused by an injury to the musculoskeletal structures of the shoulder (e.g. tendons, ligaments, bursae, etc). SIRVA is not a neurological injury and abnormalities on neurological examination or nerve conduction studies (NCS) and/or electromyographic (EMG) studies would not support SIRVA as a diagnosis (even if the condition causing the neurological abnormality is not known). A vaccine recipient shall be considered to have suffered SIRVA if such recipient manifests all of the following:

(i) No history of pain, inflammation or dysfunction of the affected shoulder prior to intramuscular vaccine administration that would explain the alleged signs, symptoms, examination findings, and/or diagnostic studies occurring after vaccine injection;

(ii) Pain occurs within the specified time frame;

(iii) Pain and reduced range of motion are limited to the shoulder in which the intramuscular vaccine was administered; and

(iv) No other condition or abnormality is present that would explain the patient's symptoms (e.g. NCS/EMG or clinical evidence of radiculopathy, brachial neuritis, mononeuropathies, or any other neuropathy).

42 C.F.R. § 100.3(c)(10) (2017).

**II. Discussion and Conclusion**

In this case, petitioner alleged that the MMR vaccine was improperly administered, and as such, she suffered a Table SIRVA injury. Respondent disputed whether petitioner suffered a SIRVA because she received an MMR vaccination, which is intended for subcutaneous administration.[4]  Further, respondent argued that petitioner did not establish that her alleged injury began within forty-eight hours after receipt of her vaccination.  *See* Resp. Rept. at 7.

The undersigned resolved both factual issues in the Finding of Fact ruling issued on April 25, 2022, in which the undersigned found that the MMR vaccine petitioner received on February

---

[4] As I have discussed in another case involving a shoulder injury post-MMR injection, there continues to be a conflict between the Vaccine Injury Table and the QAI.  The Vaccine Injury Table lists a "SIRVA" as an injury that corresponds with the MMR vaccine.  However, the QAI, which provides definitions and limitations on the Vaccine Injury Table, explains that a SIRVA is only available for vaccines *intended* for intramuscular administration.  *See A.P. v. Sec'y of Health & Human Servs.,* No. 17-784, 2022 WL 275785 (Jan. 31, 2022).

11, 2014, was mis-administered and likely administered intramuscularly, and that her pain occurred within forty-eight hours of receipt of the MMR vaccination.

      The Finding of Fact includes a review of petitioner's medical records, the testimony provided by petitioner, the vaccine administrator, petitioner's husband, petitioner's colleague, and two experts, Dr. Sohail Ahmed and Dr. Neil Romberg. Those summaries will not be repeated here, but are incorporated herein by reference. In the Finding of Fact, I found that "the facts demonstrated by preponderant evidence that the MMR vaccine administered to petitioner on February 11, 2014, was inadvertently administered into or around petitioner's subdeltoid bursa, causing pain and shoulder dysfunction." Finding of Fact at 12-13. I explained that the MMR vaccine administered to petitioner on February 11, 2014 was not administered as recommended, and thus, "more likely that petitioner's skin was not bunched or folded, mak[ing] an inadvertent injection into petitioner's deltoid more likely." *Id.* at 12. Additionally, I found that the onset of petitioner's pain began within forty-eight hours of receiving the MMR vaccination, based on the petitioner's statements about the onset of her shoulder pain which were consistent with the medical records, which repeatedly noted that her pain began after receiving the MMR vaccination. Further, Dr. Ahmed, petitioner's expert, explained that patients often delay treatment for musculoskeletal pain to see if the pain will resolve on its own, which is exactly what petitioner did in this case.

      In respondent's amended Rule 4(c) Report, he stated that, "Based on the Special Master's fact ruling and medical record evidence submitted in this case, DICP will not continue to contest that petitioner suffered SIRVA as defined by the Vaccine Injury Table. Specifically, petitioner had no recent history of pain, inflammation, or dysfunction of her left shoulder; the onset of pain occurred within forty-eight hours after receipt of her MMR vaccination; the pain was limited to the shoulder in which the vaccine was administered; and no other condition or abnormality, such as brachial neuritis, has been identified to explain petitioner's left shoulder." {pain} Resp. Am. Rept. at 3; *see also* 42 C.F.R. §§100.3(a)(I-II) and (c)(1).

      Based on the record as a whole, including the testimony of petitioner, fact witnesses, and expert testimony, as well as, the medical records, and respondent's amended Rule 4(c) report, the undersigned finds that petitioner has established she is entitled to compensation for a left shoulder injury resulting in pain and dysfunction from her February 11, 2014, MMR vaccination. Thus, petitioner is entitled to compensation.

      **IT IS SO ORDERED.**

                                                                             **s/Thomas L. Gowen**
                                                                    Thomas L. Gowen
                                                                    Special Master