# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

Filed: February 20, 2024

* * * * * * * * * * * * * * *
MARY M. SCHOELLER, *
*
Petitioner, * No. 17-111
* Special Master Gowen
v. *
*
SECRETARY OF HEALTH *
AND HUMAN SERVICES, *
*
Respondent. *
* * * * * * * * * * * * * * *

*John F. McHugh*, Law Office of John McHugh, New York, NY, for Petitioner.
*Tyler King*, United States Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEYS' FEES AND COSTS[1]**

On May 22, 2023, Mary M. Schoeller ("Petitioner") filed a motion for attorneys' fees and costs. Petitioner's Motion for Attorney Fees ("Fees App.") (ECF No. 103). For the reasons discussed below, I **GRANT** Petitioner's motion for attorneys' fees and costs and award a total of **$45,317.50.**

## I. Procedural History

On January 25, 2017, Mary M. Schoeller ("petitioner") filed a petition for compensation in the National Vaccine Injury Compensation Program.[2] Petition (ECF No. 1). Petitioner alleged that she suffered an injury to her left shoulder as a result of receiving the measles-mumps-rubella ("MMR") vaccination on February 11, 2014. Amended Petition (ECF No. 68). A Ruling for Entitlement was issued on June 28, 2022, finding that petitioner is entitled to compensation for her left shoulder injury after receiving the February 11, 2014, MMR vaccine. On November 18, 2022,

[1] I intend to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

I issued my decision awarding compensation to Petitioner. (ECF No. 100).

On May 22, 2023, Petitioner filed a motion for attorneys' fees and costs. Petitioner requests compensation for her attorney, Mr. John McHugh, in the total amount of $45,287.50, representing $45,081.00 in attorneys' fees and $206.50 in costs. Fees App. at 1. Pursuant to General Order No. 9, counsel for Petitioner warrants that personal costs of $30.00 were costs in pursuit of her claim. *Id.* at 1. Respondent reacted to the fees motion on May 23,2023, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2 (ECF No. 104). Petitioner did not file a reply thereafter.

The matter is now ripe for adjudication.

## II. Analysis

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). Here, because Petitioner was awarded compensation, she is entitled to an award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs*., 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

### a. Attorneys' Fees

In reducing an award of fees, the goal is to achieve rough justice, and therefore a special master may take into account their overall sense of a case and may use estimates when reducing an award. See Florence v. Sec'y of Health & Human Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011). It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. Bell v. Sec'y of Health & Human Servs., 18 Cl. Ct. 751, 760 (1989); Rodriguez, 2009 WL 2568468. Petitioner bears the burden of documenting the fees and costs claimed. Id. at *8.

Petitioner requests the following rates for the work of her counsel, Mr. John McHugh: $450.00 per hour for work performed in 2020, $480.00 per hour for work performed in 2021, and $500.00 per hour for work performed in 2022, and $525.00 per hour for work performed in 2023. These rates are consistent with what Mr. McHugh has previously been awarded for his Vaccine Program work and I find them to be reasonable herein.

Turning next to review of the submitted billing statement, I find that the overall hours spent

on this matter appear to be reasonable. The entries are reasonable and accurately describe the work being performed and the length of time it took to perform each task. Respondent also has not identified any particular entries as being objectionable. Therefore, Petitioner is entitled to final attorneys' fees of $45,081.00.

**b. Attorneys' Costs**

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $206.50. This amount represents costs for obtaining hearing transcripts. Fees App. at 1. Petitioner has provided supporting documentation for this cost, and it appears to be reasonable upon review Accordingly, Petitioner is awarded final costs totaling $206.50. Petitioner also requests out of pocket costs in the amount of $30.00, which will be awarded in full.

## III. Conclusion

In accordance with the foregoing, Petitioner's motion for attorneys' fees and costs is **GRANTED**. I find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| Attorneys' Fees Requested | $45,081.00 |
|---|---|
| (Reduction of Fees) | - |
| **Total Attorneys' Fees Awarded** | **$45,081.00** |
| | |
| Attorneys' Costs Requested | $206.50 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$206.50** |
| | |
| **Total Petitioner's Costs** | **$30.00** |
| | |
| **Total Attorneys' Fees and Costs** | **$45,317.50** |

**Accordingly, I award the following:**

1) **a lump sum in the amount of $45,287.50, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and her attorney, Mr. John McHugh[3]; and**

2) **a lump sum in the amount of $30.00 representing reimbursement for Petitioner's out of pocket costs, in the form of a check payable to Petitioner.**

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**/s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).